IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BETTY MOSS, as the Personal Representative of the Estate of Ransom Andrew Moss, Deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | Case No. 16-CV-00517-GKF-FHM |
| (1) CREEK COUNTY PUBLIC FACILITIES AUTHORITY;<br>(2) ADVANCED CORRECTIONAL HEALTHCARE, INC.; | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** Plaintiff, Betty Moss ("Plaintiff"), as Personal Representative of the Estate of, Ransom Andrew Moss, deceased, and for her causes of action against the Defendants, alleges and states as follows:

1. Creek County Public Facilities Authority is a public subdivision of the State of Oklahoma (hereinafter "County").

2. Advanced Correctional Healthcare, Inc. is a foreign corporation incorporated in the State of Illinois doing business within the Northern District of Oklahoma.

3. Except as otherwise indicated, all acts and omissions referred to herein occurred within the two years prior to filing this complaint.

4. This complaint arises under the civil rights statutes of the United States and under diversity. Specifically, 42 U.S.C. § 1983 and 28 U.S.C. § 1332 are applicable.

1

5. Pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1332 this Court has jurisdiction.

6. All material allegations herein occurred within the Northern District of Oklahoma. Thereby, making venue proper in this Court.

7. The Creek County Public Facilities Authority d/b/the Creek County Detention Center a/k/a Creek County Jail is and was during the time period at issue the final policy maker for all material conduct of the Creek County Detention Center and its employees. There is no person or entity who has authority over the Creek County Public Facilities Authority. Therefore, all acts, customs, policies, practices, failure to train and failure to supervise its employees alleged herein are attributed to the Creek County Public Facilities Authority.

8. Both within the applicable statute of limitations, and presumptively for many years prior thereto, the County has been in charge of the Detention Center where its unconstitutional policies and procedures or failure to enact or enforce constitutional policies and procedures have allowed inmate to be withheld treatment and/or medication that is necessary for their health and wellbeing.

9. All the Conduct alleged herein by the Creek County Public Facilities Authority and its employees was performed while acting under the color of law and within the meaning of 42 U.S.C. § 1983.

10. Plaintiff further alleges that Advanced Correctional Healthcare, Inc. (hereinafter "ACH") was contracted to provide some or all of the medical needs to the Creek County Public Facilities Authority during the applicable time periods. ACH was at

all time relevant hereto responsible, in part or in whole, for providing medical services and medication to Mr. Moss while he was in custody of the Creek County Detention Center. ACH was additionally responsible, in part or in whole, for implementing Creek County Jail policies and procedures regarding medical treatment, and in assisting in developing those policies and procedures regarding medical treatment, and in assisting in developing those policies and training and supervision its employees and/or agents.

11. Recognizing the extraordinary vulnerability of persons who are inmates of a county jail for any reason and the county's responsibility to provide care for any serious medical need and/or protection from self-harm, the State of Oklahoma and United States Constitutions and Oklahoma common law require that proper medical attention and/or medications be provided.

12. It is further alleged the County has failed to enact a policy and/or procedure to evaluate, treat and/or protect inmates from suicidal acts.

13. It is further alleged that the County had a policy, custom, or practice of allowing an environment for its employees to refuse to provide treatment and/or protections from those exhibiting suicidal thoughts or symptoms.

14. It is further alleged that the County, or its administration, committed a deliberate indifference to the Constitutional rights of the decedent set forth herein, and/or the direct and proximate cause of the damages sought by the plaintiff.

15. It is further alleged that the County, or its administration, contracted and advised ACH to provide medical care and medications to its inmates and detainees. The County, in doing so, allowed ACH to become a policy maker regarding medical services

and/or distributing medications. Additionally, budgetary restrictions and/or selecting an unqualified medical administrator constitutes a deliberate indifference to the constitutional rights of the decedent and/or is the direct and proximate cause of the damages sought by the Plaintiff.

16. ACH, as a nongovernmental entity, is not entitled to be considered a state or political subdivision. Therefore, their ineffective or inappropriate actions, which include improper policies and procedures and/or failing to provide prompt and adequate medical and psychiatric treatment and supervision, arises to negligence.

17. Plaintiff further alleges that the decedent, Ransom Andrew Moss, was in the custody of the Creek County Detention Center where he took his life.

18. On or about August 17, 2014, Ransom Andrew Moss died after hanging himself. Prior to his death, Mr. Moss was mentally challenged, severely depressed, and under medical care for pain and depression. Plaintiff further alleges that the decedent, and others, made multiple requests for treatment, evaluations and/or medications to be prescribed to the decedent. That this failure to monitor, treat, and/or permit the medications was the direct and proximate cause of the decedent's death.

19. Based on the foregoing allegations, Creek County Public Facilities Authority and/or ACH was deliberately indifferent and/or negligent to the Constitutional rights of the damages sought by the Plaintiff set forth herein, by and through their identified acts and/or negligent to the Constitutional rights of the damages sought by the Plaintiff set forth herein, by and through their identified acts and/or failures to act. Additionally, under the Oklahoma Constitutional law, the Creek County Public Facilities Authority is liable for

any negligent acts in violation of the Oklahoma Constitutional rights afforded to the decedent as allowable by law.

## CAUSE OF ACTION
## CREEK COUNTY PUBLIC FACILITIES AUTHORITY

Paragraphs 1 through 19 are re-alleged. Pursuant to 42 U.S.C. 1983, United States Constitution, Oklahoma Constitution, and Oklahoma Law, the Creek County Public Facilities Authority, by their actions or through their designated agent, ACH, is liable for damages to the Plaintiff, Betty Moss as Personal Representative of the Estate of Ransom Andrew Moss, and for damages allowable under Oklahoma's wrongful death statute. Additionally, Plaintiff is entitled to entitled to attorney's fees, costs of this action, interest as provided by law, and such other relief as is just and proper.

## CAUSE OF ACTION
## ADVANCED CORRECTIONAL HEALTHCARE, INC.

Paragraphs 1 through 19 are re-alleged. Pursuant to 42 U.S.C. 1983, United States Constitution, Oklahoma Constitution, and Oklahoma Law, the Advanced Correctional Healthcare, Inc., by and through its agents, is liable for damages to the Plaintiff, Betty Moss as Personal Representative of the Estate of Ransom Andrew Moss, and for damages allowable under Oklahoma's wrongful death statute. Additionally, Plaintiff is entitled to entitled to attorney's fees, costs of this action, interest as provided by law, and such other relief as is just and proper.

**WHEREFORE**, based on the foregoing, Plaintiff prays that this Court grant her a judgment against these Defendants as follows: a) for an award of compensatory damages in an amount to be determined by a jury, b) reasonable attorney's fees, c) the costs of this

action, d) interest as provided by law and for all other relief this Court deems just and proper.

Respectfully Submitted:

\_\_/s/ G. Gene Thompson_____
Carla R. Stinnett, Esq. OBA No. 19532
G. Gene Thompson, Esq. OBA No. 31243
STINNETT LAW
404 East Dewey, Suite 404
Sapulpa, Oklahoma 74066
Telephone: (918) 227-1177
Facsimile: (918) 227-1197
Email: carla@stinnettlaw.com
      gene@stinnettlaw.com
**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**